## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

KAREN ALLEN;
KATHERINE ANIELLO;
THERESA DELAPENHA-LEWIN;
SANDRA PENA; MICHELLE CHIANCA;

      Plaintiffs,

                                     Case No.: 1:14-cv-24115

v.

SENIOR HOME CARE, INC.;
LYNNE HEBERT,

      Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiffs, KAREN ALLEN, KATHERINE ANIELLO, THERESA DELAPENHA-LEWIN, SANDRA PENA, and MICHELLE CHIANCA (hereinafter "Plaintiffs"), by and through the undersigned counsel, and bring this action against SENIOR HOME CARE, INC. and LYNNE HEBERT (hereinafter collectively referred to as "Defendants"), and allege as follows:

### JURISDICTION AND VENUE

1.    This is an action for unpaid overtime compensation under the Fair Labor Standards Act (hereinafter "FLSA"), as amended 29 U.S.C. § 201 et. seq. (hereinafter designated as "the FLSA").

2.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206 and 216(b), which provides that suit under the Federal Labor Standards

Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

3.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331, §1337.

4.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants are located and operate within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

**NATURE OF THE CASE**

5.    The Plaintiffs bringing this cause of action were members of the conditionally-certified collective action in Beckworth v. Senior Home Care, Inc., et al., Case No. 3:12-cv-00351, N.D. FLA.   However, on September 5, 2014, the Court decertified the collective action, but tolled the statute of limitations for sixty (60) days from the date of the Order, in order to allow the opt-in plaintiffs to bring individual claims against the Defendants. See Exhibit "A".

6.    This action is brought to recover unpaid compensation owed to Plaintiffs pursuant to the FLSA, 29 U.S.C. § 201 et seq. for a period beginning the three (3) years prior to the date the Plaintiffs filed their opt-in forms to join the Beckworth lawsuit.

7.    The Defendants have had a policy of consistently requiring its Registered Nurses, including the Plaintiffs, to work overtime without properly paying them compensation and/or overtime compensation for work in excess of forty (40) hours per week as required by the FLSA.   Plaintiffs seek unpaid compensation

and overtime compensation, and equal amount of liquidated damages, attorneys'
fees and costs, pursuant to 29 U. S. C. § 216(b).

## PARTIES

8.    The Defendant, SENIOR HOME CARE, INC., is a Florida for Profit Corporation
and transacts business in the States of Florida and Louisiana, including but not
limited to, the Florida counties of Alachua, Brevard, Broward, Collier, Duval,
Hillsborough, Lee, Miami-Dade, Okaloosa, Orange, Palm Beach, Pasco, Polk,
and St. Lucie, and the Louisiana parishes of Caddo, Calcasieu, East Baton Rouge,
Lafayette, Lincoln, Rapides, Red River, and St. Tammany.

9.    Defendant, SENIOR HOME CARE, INC., is the Plaintiffs' "employer" within the
meaning of the FLSA.

10.    SENIOR HOME CARE, INC. supervises or has operational control over the
Plaintiff and other employees of SENIOR HOME CARE, INC.

11.    The Defendant, SENIOR HOME CARE, INC., is an employer and enterprise
engaged in interstate commerce and is subject to the FLSA.

12.    Defendant, LYNNE HEBERT, is an individual over the age of eighteen (18)
whom, upon information and belief, resides in the State of Florida or otherwise
has significant ties with this venue.   Defendant is the "Chief Operating Officer"
of the Defendant, SENIOR HOME CARE, INC.

13.    Defendant, LYNNE HEBERT, is the Plaintiffs' "employer" within the meaning
of the FLSA.

14.    The Defendant, LYNNE HEBERT, is actively involved in the day to day
operations of SENIOR HOME CARE, INC., including matters concerning hiring,

firing, payroll, setting policies, making procedures, setting goals, marketing, setting pay rates, and other business operations.

15.     LYNNE HEBERT supervises or has operational control over the Plaintiff and the Defendants' other employees.

16.     The Defendant, LYNNE HEBERT, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

17.     The Defendant, SENIOR HOME CARE, INC., operates health care facilities and perform home health care services in various locations in the State of Florida under the name SENIOR HOME CARE and in the State of Louisiana under the name SYNERGY.

18.     SENIOR HOME CARE, INC., and LYNNE HEBERT operate home health care agencies and perform home health care services in various locations in the State of Florida under the name SENIOR HOME CARE and in the State of Louisiana under the name SYNERGY.

19.     The Defendants operate SENIOR HOME CARE and SYNERGY facilities under a common ownership, scheme, plan, and or common control such that they constitute a common entity. Moreover, the operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

20.     The Plaintiff was, at all material times, employed by the Defendants and was a covered employees of the Defendants within the meaning of the FLSA.

## FACTUAL BACKGROUND AND ALLEGATIONS

21.    The Defendants operate various SENIOR HOME CARE offices which employ nurses, therapists and other clinicians who provide home health care services.

22.    As part of their business, the Defendants employ Registered Nurses to provide care and support to its patients.

23.    The Defendants are the Plaintiffs' employers.

24.    The Defendants are employers in interstate commerce.

25.    The Defendant, SENIOR HOME CARE, INC., is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

26.    The Defendant, LYNNE HEBERT, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

27.    Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

28.    The Defendants have at least two employees who are involved in interstate commerce.

29.    The Defendants engaged in interstate commerce by purchasing medical equipment and supplies, and other items from outside the States of Florida and Louisiana; by regularly advertising via the World Wide Web to persons outside the States of Florida and Louisiana; by proving treatment to persons across many states; by accepting payments and submitting invoices for services, which are part

of interstate commerce; by providing services to persons who are/were involved in interstate commerce;  and by transacting business across state lines.

30.    At all times material herein, the Defendants controlled the Plaintiffs' day to day activities, supervised, and/or had operational control over the Plaintiffs.   The Defendants were responsible for hiring the Plaintiffs, terminating the Plaintiffs, setting the Plaintiffs' rate of pay, determining if overtime was to be paid, setting the Plaintiffs' work schedule including the number of days and hours worked, dispatching and assigning the Plaintiffs' work duties, and supervising the Plaintiffs.

31.    The Plaintiffs work to execute the work of and directly serve the customers/patients of the Defendants.

32.    The Plaintiffs would begin their workday at home, where they would gather supplies and equipment for use during their home visits. The Plaintiffs would proceed to their first home visit, including nursing home visits, and upon completing said visit, would continue to perform home visits throughout their geographical location where they were assigned. During their workday, the Plaintiffs were also required to make deliveries/drop-offs concerning testing of the patients, e.g. bloodwork, lab work. Following their visits and any necessary deliveries/drop-offs, the Plaintiffs would return home and complete paperwork concerning their daily visits and tasks assigned to them by the Defendants.

33.    Approximately once a week, the Plaintiffs were required to attend an administrative-type meeting, conference, and/or seminar at their respective office.

34.     The Defendants permitted the Plaintiffs to work for them but did not pay them for all work that they performed for the Defendant.

35.     The Plaintiffs were paid by the Defendants on a per diem or piece meal rate (hereinafter referred to as "per visit" or "PV") and were frequently and regularly required to work in excess of forty (40) hours without being paid overtime time at the rate of one and one half (1 ½) times their regular rate of pay for all hours worked over forty in a work week.

36.     The Plaintiffs' "per visit" rate was a flat rate, although the specific payment was based on the type of visit, length of the visit, and the nursing discipline.

37.     The Plaintiffs' were also paid an hourly rate for non-visit work, e.g., case conference, staff meeting, training, based on the number of hours participating in same.

38.     The Plaintiffs' pay, or at least a portion of their pay, was based on an hourly rate/fee per hour.

39.     The home care visits which the Plaintiffs performed were regular and routine in nature, as the Plaintiffs performed the same duties during said visits on a repetitive basis and their work was not unique.

40.     Plaintiffs were not "exempt" employees within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor, when they should have been paid overtime.

41.     Due to the manner in which the Plaintiffs were paid and the nature of their duties, they are not exempt employees and are entitled to overtime pay for all hours worked over forty (40) hours in any workweek.

42. The Defendants were well aware of the overtime work hours worked by the Plaintiffs, yet did not pay these employees overtime compensation as required by the FLSA.

**COUNT I –**
**Unpaid Overtime Compensation/Wages Under the FLSA**
**(KAREN ALLEN)**

43. Plaintiff, KAREN ALLEN, re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

44. The Plaintiff, KAREN ALLEN, at all times material, is/was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

45. The Defendants, at all times material, were the "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

46. At all times material, the Plaintiff was employed for the Defendants and worked in, but not limited to, the County of Palm Beach, State of Florida.

47. The Plaintiff timely opted in to <u>Beckworth v. Senior Home Care, Inc.</u>, and has filed this cause of action within the 60-day tolled period pursuant to the Court's Order. <u>See</u> Exhibit "A" and "B".

48. During her employment with Defendants, the Plaintiff worked as a Registered Nurse.

49. The Plaintiff was employed for the Defendants from approximately June 14, 2009 to February 19, 2012.

50. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of

forty (40) hours in a work-week at a rate not less than one and one-half (1 ½) times the regular rate of pay.

51.     The Defendants employed the Plaintiff in excess of forty (40) hours in a work-week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA, and thus has violated the rights of the Plaintiff under § 207 of the FLSA and 29 C.F.R. 541.3.

52.     As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of forty (40) hours in a work-week beginning the three (3) years preceding the date the Plaintiff filed her opt-in form to join the Beckworth lawsuit. She is also entitled to an equal amount of money as liquidated damages under the FLSA.

53.     The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

54.     The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

55.     The Defendants were aware the Plaintiff worked in excess of forty (40) hours in a workweek.

56.     The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

57.     Because of Defendants' actions, the Plaintiff has had to retain counsel and is entitled to recover her attorney fees and costs connected with this suit.

58.     As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorney fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, KAREN ALLEN, prays that this Court:

a)  Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

b)  Declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiff;

c)  Declare that Defendants' violations of the FLSA were willful and not in good faith;

d)  Enter judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

e)  Enter judgment awarding Plaintiff reasonable attorney fees and costs;

f)  Award pre and post-judgment interest as allowed by law; and

g)  Grant such other relief which this Court deems just and proper.

### COUNT II –
### Unpaid Overtime Compensation/Wages Under the FLSA
### (KATHERINE ANIELLO)

59.     Plaintiff, KATHERINE ANIELLO, re-alleges and incorporates by reference Paragraphs one (1) through forty-two (42) as if fully set forth herein.

60.     The Plaintiff, KATHERINE ANIELLO, at all times material, is/was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

61.     The Defendants, at all times material, were the "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

62.     At all times material, the Plaintiff was employed for the Defendants and worked in, but not limited to, the Counties of St. Lucie, Martin, and Okeechobee, State of Florida.

63.     The Plaintiff timely opted in to <u>Beckworth v. Senior Home Care, Inc.</u>, and has filed this cause of action within the 60-day tolled period pursuant to the Court's Order. <u>See</u> Exhibit "A" and "C".

64.     During her employment with the Defendants, the Plaintiff worked as a Registered Nurse.

65.     The Plaintiff was employed for the Defendants from approximately April 1, 2008 to October 25, 2013.

66.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours in a work-week at a rate not less than one and one-half (1 ½) times the regular rate of pay.

67.     The Defendants employed the Plaintiff in excess of forty (40) hours in a work-week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA, and thus has violated the rights of the Plaintiff under § 207 of the FLSA and 29 C.F.R. 541.3.

68.     As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of forty (40) hours in a work-week beginning the three (3) years preceding the date the Plaintiff filed her opt-in form to join the <u>Beckworth</u> lawsuit. She is also entitled to an equal amount of money as liquidated damages under the FLSA.

69.     The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

70.     The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

71.     The Defendants was aware the Plaintiff worked in excess of forty (40) hours in a workweek.

72.     The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

73.     Because of Defendants' actions, the Plaintiff has had to retain counsel and is entitled to recover her attorney fees and costs connected with this suit.

74.     As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorney fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, KATHERINE ANIELLO, prays that this Court:

a) Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

b)  Declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiff;

c)  Declare that Defendants' violations of the FLSA were willful and not in good faith;

d)  Enter judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

e)  Enter judgment awarding Plaintiff reasonable attorney fees and costs;

f)  Award pre and post-judgment interest as allowed by law; and

g)  Grant such other relief which this Court deems just and proper.

## COUNT III –
### Unpaid Overtime Compensation/Wages Under the FLSA
### (THERESA DELAPENHA-LEWIN)

75.   Plaintiff, THERESA DELAPENHA-LEWIN, re-alleges and incorporates by reference Paragraphs one (1) through forty-two (42) as if fully set forth herein.

76.   The Plaintiff, THERESA DELAPENHA-LEWIN, at all times material, is/was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

77.   The Defendants, at all times material, were the "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

78.   At all times material, the Plaintiff was employed for the Defendants and worked in, but not limited to, the County of Palm Beach, State of Florida.

79.   The Plaintiff timely opted in to Beckworth v. Senior Home Care, Inc., and has filed this cause of action within the 60-day tolled period pursuant to the Court's Order. See Exhibit "A" and "D".

80.     During her employment with the Defendants, the Plaintiff worked as a Registered Nurse.

81.     The Plaintiff was employed for the Defendants from approximately December 15, 2008 to September 2, 2012.

82.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours in a work-week at a rate not less than one and one-half (1 ½) times the regular rate of pay.

83.     The Defendants employed the Plaintiff in excess of forty (40) hours in a work-week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA, and thus has violated the rights of the Plaintiff under § 207 of the FLSA and 29 C.F.R. 541.3.

84.     As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of forty (40) hours in a work-week beginning the three (3) years preceding the date the Plaintiff filed her opt-in form to join the Beckworth lawsuit. She is also entitled to an equal amount of money as liquidated damages under the FLSA.

85.     The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

86.    The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

87.    The Defendants was aware the Plaintiff worked in excess of forty (40) hours in a workweek.

88.    The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

89.    Because of Defendants' actions, the Plaintiff has had to retain counsel and is entitled to recover her attorney fees and costs connected with this suit.

90.    As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorney fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, THERESA DELAPENHA-LEWIN, prays that this Court:

a)    Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

b)    Declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiff;

c)    Declare that Defendants' violations of the FLSA were willful and not in good faith;

d)    Enter judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

e)    Enter judgment awarding Plaintiff reasonable attorney fees and costs;

f)    Award pre and post-judgment interest as allowed by law; and

g) Grant such other relief which this Court deems just and proper.

## COUNT IV –
### Unpaid Overtime Compensation/Wages Under the FLSA
### (SANDRA PENA)

91.     Plaintiff, SANDRA PENA, re-alleges and incorporates by reference Paragraphs

one (1) through forty-two (42) as if fully set forth herein.

92.     The Plaintiff, SANDRA PENA, at all times material, is/was an "employee" of the

Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

93.     The Defendants, at all times material, were the "employers" of the Plaintiff within

the meaning of the FLSA, 29 U.S.C. § 203(d).

94.     At all times material, the Plaintiff was employed for the Defendants and worked

in, but not limited to, the County of Broward, State of Florida.

95.     The Plaintiff timely opted in to Beckworth v. Senior Home Care, Inc., and has

filed this cause of action within the 60-day tolled period pursuant to the Court's

Order. See Exhibit "A" and "E".

96.     During her employment with the Defendants, the Plaintiff worked as a Registered

Nurse.

97.     The Plaintiff was employed for the Defendants from approximately June 15, 2009

to October 30, 2011.

98.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-

exempt employees for a work-week longer than forty (40) hours, unless such

employee receives compensation for all hours he or she is employed in excess of

forty (40) hours in a work-week at a rate not less than one and one-half (1 ½) times the regular rate of pay.

99.    The Defendants employed the Plaintiff in excess of forty (40) hours in a work-week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA, and thus has violated the rights of the Plaintiff under § 207 of the FLSA and 29 C.F.R. 541.3.

100.    As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of forty (40) hours in a work-week beginning the three (3) years preceding the date the Plaintiff filed her opt-in form to join the Beckworth lawsuit. She is also entitled to an equal amount of money as liquidated damages under the FLSA.

101.    The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

102.    The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

103.    The Defendants was aware the Plaintiff worked in excess of forty (40) hours in a workweek.

104.    The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

105.    Because of Defendants' actions, the Plaintiff has had to retain counsel and is entitled to recover her attorney fees and costs connected with this suit.

106.    As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorney fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, SANDRA PENA, prays that this Court:

a)  Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

b)  Declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiff;

c)  Declare that Defendants' violations of the FLSA were willful and not in good faith;

d)  Enter judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

e)  Enter judgment awarding Plaintiff reasonable attorney fees and costs;

f)  Award pre and post-judgment interest as allowed by law; and

g)  Grant such other relief which this Court deems just and proper.

**COUNT V –**
**Unpaid Overtime Compensation/Wages Under the FLSA**
**(MICHELLE CHIANCA)**

107.    Plaintiff, MICHELLE CHIANCA, re-alleges and incorporates by reference Paragraphs one (1) through forty-two (42) as if fully set forth herein.

108.    The Plaintiff, MICHELLE CHIANCA, at all times material, is/was an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

109.  The Defendants, at all times material, were the "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

110.  At all times material, the Plaintiff was employed for the Defendants and worked in, but not limited to, the County of Palm Beach, State of Florida.

111.  The Plaintiff timely opted in to <u>Beckworth v. Senior Home Care, Inc.</u>, and has filed this cause of action within the 60-day tolled period pursuant to the Court's Order. <u>See</u> Exhibit "A" and "F".

112.  During her employment with the Defendants, the Plaintiff worked as a Registered Nurse.

113.  The Plaintiff was employed for the Defendants from approximately September 20, 2010 to October 28, 2012.

114.  Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours in a work-week at a rate not less than one and one-half (1 ½) times the regular rate of pay.

115.  The Defendants employed the Plaintiff in excess of forty (40) hours in a work-week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA, and thus has violated the rights of the Plaintiff under § 207 of the FLSA and 29 C.F.R. 541.3.

116.  As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she

worked in excess of forty (40) hours in a work-week beginning the three (3) years preceding the date the Plaintiff filed her opt-in form to join the <u>Beckworth</u> lawsuit. She is also entitled to an equal amount of money as liquidated damages under the FLSA.

117. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

118. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

119. The Defendants was aware the Plaintiff worked in excess of forty (40) hours in a workweek.

120. The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

121. Because of Defendants' actions, the Plaintiff has had to retain counsel and is entitled to recover her attorney fees and costs connected with this suit.

122. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorney fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, MICHELLE CHIANCA, prays that this Court:

a) Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

b) Declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiff;

c) Declare that Defendants' violations of the FLSA were willful and not in good faith;

d) Enter judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

e) Enter judgment awarding Plaintiff reasonable attorney fees and costs;

f) Award pre and post-judgment interest as allowed by law; and

g) Grant such other relief which this Court deems just and proper.

DATED this 3rd day of November, 2014.

Respectfully Submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
TYLER L. GRAY, ESQ.
FL Bar No. 0059738
Law Offices of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for the Plaintiff*